Joseph La Costa
CBN: 108443
7840 Mission Center Court, Suite #104
San Diego, California 92108
joelacostaesq@hotmail.com
(619) 922-5287

Attorney for Plaintiff, Linda Carroll

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| | ) Case No: 3:13-cv-01592-MMA-BGS |
| | ) |
| | ) |
| LINDA CARROLL, | ) **PLAINTIIFF'S OPPOSITION TO** |
| | ) **DEFENDANTS' MOTION TO** |
| Plaintiff, | ) **DISMISS COMPLAINT;** |
| | ) **MEMORANDUM OF POINTS AND** |
| | ) **AUTHORITIES** |
| vs. | ) |
| | ) Date:      September 16, 2013 |
| | ) Time:      2:30p.m. |
| | ) Crtm:     3A-SCHWARTZ |
| DUETSCHE BANK, N.A., BANK OF | ) Judge:    Hon. Michael A Anello |
| AMERICA, N.A., MORTGAGE | ) |
| ELECTRONIC REGISTRATION | ) Action Filed: July 9, 2013 |
| SYSTEM, INC. AND DOES 1 | ) |
| THROUGH 10, INCLUSIVE | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

**TO THE HONORABLE COURT:**

Plaintiff LINDA CARROLL by and through her attorney of record hereby opposes Defendants' Motion to Dismiss Plaintiff's Complaint. This opposition is based on all of the papers on file with the Court, the arguments set forth, and any arguments made by Plaintiff's counsel at the hearing currently scheduled for this matter.

Dated:        August 22, 2013                          /s/ Joseph La Costa

                                                   _____

                                                   Joseph La Costa

# **TABLE OF CONTENTS**

**I.**   Case Introduction…………………………………………………1

**II.**   Statement of  Relevant Factual Distinctions………………..………..3

**III.**   Standard For Dismissal Under Federal Rule Of Civil Procedure 12(B)(6)……………………………………………...4

**IV.**   Introduction………………………………………………..………6

**V.**   The Defendants Have Ignored The Plaintiff's Challenge To Purported Actions by MERS …………………………….………7

**VI.**   The Plaintiff  Denies That Foreclosure Was Proper Because DEUTSCHE BANK Is Not And Was Not Her Creditor………………7

**VII.**   Plaintiff  Has Alleged An Actual Controversy Among The Parties Sufficient To Maintain A Cause Of Action For Declaratory Relief…………………………………………………….……..9

**VIII.**   Plaintiff  Has Sufficiently Alleged A Cause of Action For Negligence……………………………………………………11

**IX.**   The Purported Assignment To DEUTSCHE BANK, As Trustee, Is Invalid And Unenforceable As New York Trust Law Requires Strict Compliance With The Terms Governing Trust Agreement…………..13

**X.**   Plaintiff Sufficiently Alleges That The Assignment Was Fabricated………………………………………………..…..15

**XI.**   Plaintiff  Has Standing To Assert That The Defendants Are Not Her Creditors……………………………………………………17

**XII.**   Plaintiff's Challenge To DEUTSCHE BANK's Authority Is Proper……………………………………………………19

**XIII.** Plaintiff  Has Sufficiently Plead A Quasi-Contract Claim……………22

**XIV.**    Defendants are "Debt Collectors" Under The Fair Debt
            Collection Practices Act…………………………….…………...23

**XV.**     Plaintiff  Has Sufficiently Alleged A Claim Under California
            Business and Professions Code Section17200……………....24

**XVI.**    Plaintiff  Has Sufficiently Alleged An Accounting
            Claim……………………………………………………….……25

**XVII.**   Plaintiff Has Sufficiently Alleged A Violation Of 18USC
            Section 1951 (b)(2), And California Has Long Recognized
            A Claim Of "Civil Extortion"   ………………………………....27

**XVIII.**  Conclusion……………………………………………………....28

# TABLE OF AUTHORITIES

**CASES**                                                    **PAGE**

*Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*          9, 18
300 U.S. 227, 240, 57 S.Ct.461 462-464 (1937)

*Bank of the West v. Sup. Ct.*
2 Cal.4th 1254, 1267 (1992)                                  24, 25

*Barrionuevo v Chase Bank N.A.* (N.D. Cal 2012)             15
885 F. Supp 964

*Bell Atlantic Corp. v. Twombly*                             5
55 US 544 (2007)

*Berryman c. Merit Property Management, Inc.*                24
152 Cal.App. 4th 1544, 1554 (2007)

*Brown v. Spohr*                                             14
180 N.Y. 201-210 (N.Y. 1904)

*Cervantes v. City of San Diego*                             4
5 F.3d 1273, 1274 (9th Cir. 1993)

*Chazen v. Centennial Bank*                                  12
61 Cal. App. 4th 532, 537 (1998)

*Chern v. Bank of America*                                   25
15 Cal.3d 866, 876 (1976)

*Conley v. Gibson*                                           4
355 U.S. 41, 45-46 (1957)

*Das v. PHH, N.A.*                                           12
186 Cal. App. 4th 727, at 741 (2010)

*Dye v. Lewis*                                                                      14
67 Misc. 2d 426, 324 N.Y.S.2d 172, 175 (Sup. Ct. 1971)

*Flatley v. Mauro*                                                                  26
139 P,3d 2, 46 Cal. Rptr 3d 605, 39 Cal. 4th 299 (2006)

*Fontenot v. Wells Fargo Bank, N.A.*                                                20
198 Cal. App. 4th 256, 270 (2011)

*Gilligan v. Jamco Dev. Corp.*                                                      4
108 F.3d 246, 249 (9th Cir. 1997)

*Gladstone Realtors v. Village of Bellwood*                                         18
441 U.S. 91, 99, 99 S.Ct 1601, 1607 (1979)

*Thomas A Glaski v Bank of America N.A.*
F064556 2013 WL4037310 (Call App 5th Dist. 2013)                                  15

*Gomez v. Countrywide*                                                              20
192 Cal. App. 4th 1149 (2011)

*Hartford Fire Ins. Co. V. California*                                              4
509 U.S. 764, 811 (1993)

*Hisamatsu v. Niroula,*                                                             26
2009 WL 4456392 (N.D. Cal. Oct 22, 2009)

*Johnson v. HSBC Bank USA, N.A.*                                                    1, 5
3:11-cv-2091-JM-WVG (2012)

*Kingman Holdings, LLC  v. CitiMortgage, Inc.*                                      16
 2011 WL 1883829 (E.D. Tex. 2011)

*Kunert v. Mission Financial Services Corp.*                                        24
1 Cal.Rptr.3d 589, 607 (2003)

*Levitt v. Yelp! Inc.*
 CV-10-02321-EMC, 2011 U.S. Dist. LEXIS 124082                    27
(N.D. Cal. Oct. 26, 2011), at *5

*Lujan v. Defenders of Wildlife*                                 18,19
504 U.S. 555, 560, 112 S. Ct. 2130, 2136 (1992)

*Louiseau v. VISA USA Inc.*                                      22
WL 4542896 (S.D. Cal. 2010)

*Maryland Cas. Co. v. Pacific Coal & Oil Co.*                    9
312 U.S. 270 (1941)

*McKell v. Washington Mut. Inc.*                                 22
142 Cal. App. 4th 1457, 1490 (2006)

*McBride v. Boughton*                                            22
123 Cal. App. 4th 379, 389

*Naranjo c. SBMC Mortgage, et al*                                2, 5
3-11-cv-02229-L-WVG (2012)

*Osei v. Countrywide Home Loans*                                 12
692 F.Supp.2d 1240, 1249 (2010)

*Rutman Wine Co. v. E & J. Gallo Winery*                         5
829 F.2d 729, 738 (9th Cir. 1987)

*Sacchi v. Mortgage Electronic Registration Systems, Inc.*      19
 No. 11-1658 AHM, 2011 WL 2533029, at *5, *9, *9-10
(C.D. Cal June 24, 2011)

*Schafer v. Citimortgage, Inc.*                                 11, 19
No CV 11-03919 ODW, 2011 WL 24372667, *4
 (C.D. Cal. June 15, 2011)

*Scheuer v. Rhodes*                                             1, 5
416 U.S. 232, 236 (1974)

*Seattle Audobon Soc'y v. Moseley*                         10
80 F.3d 1401, 1405 (9th Cir. 1996)

*Tamurri v. Suntrust Mortgage, Inc.*
No. C-11-899 EMC, 2011 WL 6294472, at *12, 14
 (N.D. Cal. Dec. 15, 2011)                                 17

*Teheny v. Wells Fargo Bank, N.A.*                         12
2010 WL 5394315 (E.D. Cal. 2010)

*Tessell v. McLoughlin*                                    25, 26
173 Cal. App. 4th 156, 179 (2009)

*U.S. v. Washington*                                       11
759 F.2d 1353, 1356-57 (9th Cir. 1985)

*Vogan c. Wells Fargo et al.*
No. 11-cv-2098-JAM-KJN, 2011 WL 5826016 at *7, *7-8, *7, *6-7
(N.D. Cal. Nov. 11, 2011)                                  15, 25

**OTHER AUTHORITIES**                                      **PAGE**

California Civil Code section 2924                         15,19


*N.Y. Est. Powers & Trusts Law* § 7-2.4                    14, 17

15 U.S.C. § 1692a(6)                                       23

Witkin, California Procedure, Pleadings, section 776, p 233 (4th ed.)   25

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   CASE INTRODUCTION

Plaintiff's complaint has sufficiently pled both plausible and factual allegations as well as legal claims, to enable her complaint to move forward. This is not the phase in the litigation to weigh the merits of the case. In reviewing the sufficiency of the claims asserted, the issue ***is not*** whether Plaintiff will ultimately prevail, but whether the Plaintiff is entitled to offer evidence to support the claims asserted. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

In addition, and perhaps most dispositive of the Defendant's Motion to Dismiss, is the fact that the Plaintiff's factual and legal assertions,  as contained in the present complaint mirror two cases that have already come to the attention of the Southern District of the Federal Court, and the Court in those cases denied similar motions to dismiss.

The case of *Johnson v. HSBC Bank USA, N.A.* 3:11-cv-2091-JM-WVG (2012) is the mirror image of the factual and legal allegations raised by the Plaintiff in the instant action, with the exception of the seventh cause of action. By order dated March 19, 2012 the Honorable U.S. District Judge Jeffrey T. Miller denied a motion to dismiss premised on essentially the same arguments

raised by the Defendants herein. (See Plaintiff's Request for Judicial Notice, Exhibit A, attached hereto.)

In a strikingly similar case to *Johnson*, the court issued an order denying a motion to dismiss in July 24, 2012 – *Naranjo v. SBMC Mortgage, et al* 3-11-cv-02229-L-WVG (2012). Therein, the Honorable Judge M. James Lorenz of the United States District Court denied a motion to dismiss with respect to the factual and legal allegations made that were mirrored in the present cause of action (See Plaintiff's Request for Judicial Notice, Exhibit B, attached hereto).

For the most part, subject to space considerations, the Plaintiff's reply below and the authorities cited will also mirror the arguments made by the plaintiffs in *Johnson* and *Naranjo*, and include the relevant arguments and authorities used by the Court to deny the Defendants motions to dismiss. In the same manner in which the Court in *Johnson* and *Naranjo* denied the defendant's Motion to Dismiss, the Plaintiff respectfully requests that this court similarly deny the Defendants present motion to dismiss.

The Plaintiff has challenged the Defendant's overall STANDING to collect the note. Whether or not the original note is in the possession of the Defendants is not central to the question of if the Defendants possess standing to collect on the Note and take actions permitted under the relevant Deed of

Trust. The Plaintiff has devoted no "ink," or argument, that claims the MERS system is illegal or improper. The Plaintiff has called into question, and denied, that in this case the persons purporting to act on MERS behalf were in fact so authorized. The Defendant has failed to deny these allegations.

Finally, as will be shown below, the Defendant's attempt to cast the Plaintiff's complaint as one fitting the mold of claims previously rejected by the California courts is in error. The Plaintiff's complaint speaks for itself, and clearly, the Plaintiff has articulated her causes of action based upon plausible factual assertions and a well plead complaint.

For these reasons, the Court should deny the Defendant's motion to dismiss, and grant the Plaintiff the right to proceed with her case, or alternatively, to amend the complaint in the manner set forth below, as well as any other manner necessary to afford the Plaintiff Due Process of Law.

## II.   STATEMENT OF RELEVANT FACTUAL DISTINCTIONS

The Statement of Facts set forth by the Defendant improperly asserts as "fact" many items that are subject to a factual dispute and are specifically called into question or denied by the Plaintiff. At this stage of the proceedings, where the factual assertions of the parties are in conflict, the non-moving party, the Plaintiff's, plausible factual assertions shall be the basis for the Courts determination of the Defendant's motion to dismiss.

For example, the Defendant repeatedly refers to the Request for Judicial Notice regarding documents prepared, signed, and recorded by or on behalf of the Defendants. The legitimacy of the recorded documents has been plausibly denied by the Plaintiff.  Therefore while the documents themselves exist and have been recorded, their legitimacy and authenticity is disputed, based on the Plaintiff's plausible factual assertion that the documents are fraudulently conveyed, and/or not executed by or on behalf of an authorized entity, the Defendant's reliance on the claimed legitimacy of these documents is disputed.

## III.   STANDARD FOR DISMISSAL UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Motions to dismiss for failure to state a claim under Federal Rules of Civil Procedure, Rule 12(b)(6) are viewed with disfavor, and accordingly, dismissals for failure to state a claim are "rarely granted." *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (Citation omitted). The standard for dismissal under Rule 12(b)(6) is a stringent one. "[A] complaint shall not be dismissed for failure to state a claim unless it appears ***beyond doubt*** that the plaintiff can prove no set of facts in support of her claim which would entitled her to relief." *See Hartford Fire Ins. Co. V. California* 509 U.S. 764, 811 (1993) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993) (emphasis added). The

purpose of a motion under Federal Rule 12(b)(6) is to test for formal

sufficiency of the statement of the claim for relief in the complaint. *See*

*Rutman Wine Co. v. E & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).

The complaint must be construed in the light most favorable to the nonmoving

party and its allegations taken as true. *See Scheuer v. Rhodes*, 416 U.S. 232,

236 (1974). It is *not* a procedure for resolving a contest about the facts of the

merits of the case. In reviewing the sufficiency of the complaint, the issue is

not whether the plaintiff will ultimately prevail, but whether the Plaintiff is

entitled to offer evidence to support the claims asserted. *See Scheuer v.*

*Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Furthermore,

more recently the U.S. Supreme Court has held that to survive a motion to

dismiss, a complaint must contain sufficient factual matter, accepted as true,

which would "state a claim to relief that is plausible on its face." *See Bell*

*Atlantic Corp. v. Twombly*, 55 US 544 (2007).

   In addition, and as discussed above, the Courts holding in *Johnson v.*

*HSBC Bank USA, N.A.* 3:11-cv-2091-JM-WVG (2012) and *Naranjo c. SBMC*

*Mortgage, et al* 3-11-cv-02229-L-WVG (2012) leave no doubt that the

complaint, as filed is not subject to a Motion to Dismiss at this stage of the

proceedings. The Plaintiff has every expectation that the Court will come to a

similar conclusion regarding the lack of merit of the Defendant's motion, and respectfully requests the Defendants motion be denied.

## IV.   **INTRODUCTION**

The Defendants attempt to advance the argument that California law permits illegal foreclosure with absolute impunity because the cited statutes provide no method to challenge the purported foreclosure. Quite simply, the Defendant's ask the Court to adopt a rule of law where large banks can and will illegally foreclose the property of another without due process of law or legal oversight or review.  Were that to be the law of California it would be in conflict with both the State and Federal Constitutional Due Process standards. The Plaintiff's complaint has set forth plausible factual assertions that create valid well plead causes of action seeking declaratory relief and damages. The complaint should not be dismissed.

The Plaintiff denies that the Defendants are or were ever her creditors, and by their actions she has suffered pecuniary loss.

The Plaintiff has set forth plausible factual assertions that the holder of the deed of trust, whomever the Court may determine that may be, is not the actual holder of or agent of the holder of the note.  The Defendants have offered nothing to rebut these plausible factual assertions.

## V.      The Defendants have ignored the Plaintiff's challenge to the purported actions by MERS.

The Defendants have set forth actions they purport to have been undertaken by MERS, and they rely on these purported acts in support of their motion, when in fact all of the actions described were acts undertaken by the Defendants based on their disputed claims to the right to act on MERS behalf. The Plaintiff's complaint has challenged the legitimacy and authenticity of the documents. The documents were purportedly signed by or on behalf of MERS, indicating that the individuals purporting to sign on behalf of MERS did so without the requisite authority. Those documents included the corporate authority required by the MERS Board of Directors, and that the documents tendered and recorded by or on behalf of the Defendant were forged and fraudulent. The Defendant has ignored these factual allegations save to ask the Court to ignore them too.

/ / /

/ / /

## VI.      The Plaintiff Denies that Foreclosure was proper because DEUTSCHE BANK is not and was not her creditor

The Plaintiff's complaint set forth plausible factual denials that DEUTSCHE BANK is, or was, her creditor, and has provided plausible factual allegations in support of the position. Defendants point to the California Civil

Code and the case law that provides the procedures articulated therein provide the "exhaustive" procedure to accomplish a non-judicial foreclosure. These Defendant's arguments in this regard are irrelevant at this stage of the proceedings. In effect, the Defendants stated goal is to obtain a "non-judicial" foreclosure of the Plaintiff's property.

California Civil Code section 2924 provides the identity of the entities who may initiate a foreclosure as "[t]he trustee, mortgagee, or beneficiary, or any of their authorized agents." The Plaintiff's complaint provides ample factual assertions that DEUTSCHE BANK does not qualify as an identifiably permitted entity to initiate a foreclosure proceeding.

Accordingly, the Plaintiff disputes that DEUTSCHE BANK is or was empowered with the statutory authority to undertake **ANY** action relative to the note and deed of trust, and as a result, Plaintiff claims pecuniary and other damages.

In addition, notwithstanding the above, the Plaintiff, in the Deed of Trust, reserved the right to "bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale."

///

///

## VII. Plaintiff Has Alleged an Actual Controversy Among the Parties Sufficient to Maintain a Cause of Action for Declaratory Relief

The foundation of Plaintiff's First Cause of Action is a request that the court determine the rights and obligations of the parties relative to the Property. *Section 2201(a) of Title 28 of the United States Code* expressly permits a party to bring a cause of action for Declaratory Relief. It states, "In a case of actual controversy within its jurisdiction… any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

As to a controversy to invoke declaratory relief, the question is whether there is a "substantial controversy, between parties having adverse legal rights, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pacific Coal & Oil Co.* 312 U.S. 270 (1941). The United States Supreme Court further explained:

> "A justiciable controversy is thus distinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic or moot…The controversy must be definite and concrete, touching the legal relations of the parties having adverse legal interests…It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts."

*Aetna Life Ins. Co. of Hartford Conn. v. Haworth*, 300 U.S. 227, 240-241, 57 S.Ct. 461, 464 (1937) (citations omitted).

Here, Plaintiff has alleged an actual case and controversy in connection with Defendants' actions that are present, ongoing and undoubtedly will continue in the immediate future. The Defendant has previously, and continues to assert a right to foreclose, and has initiated process designed to ultimately oust the Plaintiff from her home, thereby asserting a proprietary interest in Plaintiff's Property. *See Seattle Audobon Soc'y v. Moseley* 80 F.3d 1401, 1405 (9th Cir. 1996) ("A declaratory judgment offers a means by which rights and obligations may be adjudicated in cases brought by an interested party involving an actual controversy that has not reached a stage at which either party may seek a coercive remedy and in cases where a party who could sue for coercive relief has not yet done so.") Defendant still claims an interest in the Property, continue to seek collection of Plaintiff's mortgage payments, and still seek to strip possession and ownership of Property from Plaintiff.

The Defendants argue the nonexistence of an actual controversy between the parties yet clearly asserts a right to and an intention of taking the Plaintiff's home away from her. Where, as here, the Plaintiffs have alleged Defendants have no standing to do so; clearly these mutually exclusive assertions create a real and justiciable controversy for resolution by this Court.

The Ninth Circuit has explained that while there is no bar to declaratory relief if legal remedies exist, a court's discretion should lead it to refuse to grant declaratory relief unless it would clarify the parties' interests or relieve the uncertainty-giving rise to the proceeding. *U.S. v. Washington*, 759 F.2d 1353, 1356-57 (9th Cir. 1985). The court upheld a declaratory relief claim in a similar action to this one, noting that there was a controversy over whether the assignment of a deed of trust was fraudulent, and the cause of action was not duplicative. *Schafer v. CitiMortgage* 2011 WL 2437267 (C.D. Cal June 15, 2011) at *4.

///

///

The Plaintiff acknowledges that given the other causes of action pending that declaratory relief may be unnecessary. However, it would be premature to dismiss the cause of action as this point.

**VIII. <u>Plaintiff Has Sufficiently Alleged a Cause of Action for Negligence</u>**

Defendants owe Plaintiff a duty of care because of their unconventional relationship with Plaintiff. Traditionally, a lender loaned money to a borrower and serviced the loan. Here, Defendants' role is not "conventional" because the Defendant DEUTSCHE BANK is a bank acting as trustee for a trust and not the original lender who loaned or serviced Plaintiff's Loan. The relationship

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

between Defendants and Plaintiff is not indicative of a "conventional" lender-borrower relationship because DEUTSCHE BANK is not receiving the benefits from Plaintiff's Note and Mortgage. Instead, Defendants purport to hold Plaintiff's payments for the benefit of the "certificate holders" who own the relevant note. In addition, a bank may be liable in negligence if it fails to discharge its contractual duties with reasonable care. *Das v. PHH, N.A.* 186 Cal. App. 4th 727, at 741 (2010) citing *Chazen v. Centennial Bank* 61 Cal. App. 4th 532, 537 (1998). Additionally, "[a] lender may owe a duty of care sounding in negligence to a borrower when the lender's activities exceed those of a conventional lender…" *Osei v. Countrywide Home Loans*, 692 F.Supp.2d 1240, 1249 (2010), noting the Defendant elected to extensively cite *Das* in its MTF, while ignoring the fact the citation came from *Chazen*.

In this instance, the Defendants loaned no money to the Plaintiff, and the lender-borrower relationship is disputed, and is believed to "not exist" as between the parties.   Accordingly, the Defendants cannot hide behind the protection afforded a "lender" when it was not in fact a lender of money to the Plaintiff, and its very status as a creditor is disputed.

In addition, the rule that a "lender" does not have a duty to a borrower is only a "general rule," and only applies to situations where a lender plays its conventional role. *Teheny v. Wells Fargo Bank, N.A.* 2010 WL 5394315 (E.D.

Cal. 2010). Accepting the allegations of the Plaintiff's complaint, DEUTSCHE BANK has gone beyond the typical lender's role. Generally, Plaintiff has alleged that Defendants did not have the legal authority to demand payments from Plaintiff because of the invalidity of the documents purporting to create the relevant assignments. If DEUTSCHE BANK were not a lender legally authorized to collect payments from Plaintiffs the general rule shielding actual lenders from liability would not apply.

## IX.   The Purported Assignment To DEUTSCHE BANK, As Trustee Is Invalid And Unenforceable as New York Trust Law Requires Strict Compliance With the Terms Governing Trust Agreement

Plaintiff's Deed of Trust was executed in favor of Countrywide Home Loans. Since DEUTSCHE BANK was not the originator of the Mortgage, any purported rights over Plaintiff's debt obligation must be pursuant to a valid assignment or transfer of the Note and Deed of Trust to the Defendant as Trustee of the securitization Trust.

The Plaintiff has provided a plausible factual allegation that the lender, Countrywide Home Loans has not, in any manner, caused the Note to be assigned to the Defendants.  The Plaintiff has pled more than sufficient facts whereby the court can make a plausible inference that these allegations are true.

Under New York law, for a trust to be valid there are four essential elements: (1) a designated beneficiary; (2) a designated trustee who is not the beneficiary; (3) a fund or other property sufficiently designated or identified to enable title thereto to pass to the trustee; and (4) actual delivery or legal assignment of the property to the trustee, with the intention of passing legal title to the trustee. *Brown v. Spohr*, 180 N.Y. 201-210 (N.Y. 1904)

Plaintiff alleges that with respect to her Loan, there was no actual delivery of, or valid assignment of, the Note to any Defendant by the original lender, the Originator of the relevant Trust, or the Trustee of the Harborview 2005 Trust.

Under New York Law, without a valid delivery of the asset in question to the trust, there are no rights conferred in the trustee under the common law. Thus, if the trust fails to acquire property, then there is no trust over that property that may be enforced because "every act in contravention of the Trust is void." *Dye v. Lewis*, 67 Misc. 2d 426, 324 N.Y.S.2d 172, 175 (Sup. Ct. 1971) (citing *N.Y. Est. Powers & Trusts Law* § 7-2.4).

Additionally, where the method of transfer is set forth in the Trust instrument, it is not subject to any variance or exception. *N.Y. Est. Powers & Trusts Law* § 7-2.4 ("If the trust is expressed in the instrument creating the estate of the trustee, every sale, conveyance or other act of the trustee in

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

14

contravention of the trust, except as authorized by this article and by any other provision of law, is void.")

Recently, in California, this very issue came before the Fifth Appellate District in the case of *Thomas A Glaski v Bank of America N.A.,* F064556 2013 WL 4037310 (Cal App 5th Dist. 2013). Therein, the court found that in instances where the Assignment of the Deed of Trust occurred after the closure of the trust, there was no transfer and the Trustee possessed no authority by which to initiate a Notice of Default or Notice of Trustee's Sale. See Pg 17 Slip Opinion. The Glaski case echoed the earlier similar finding of *Barrionuevo v Chase Bank N.A. (*N.D. Cal 2012) 885 F.Supp 964, 973.

## X.   Plaintiff Sufficiently Alleges the Assignments Were Fabricated

As in *Glaski*, the Plaintiff herein contends that the purported "Assignment," even if valid – which is disputed by the Plaintiff - was executed and notarized **after** the closing date of the Harborview Trust and is therefore invalid.

The Assignment's failure to comply with the PSA is a sufficient basis for pleading its fabrication. *See Glaski, supra* and *Vogan  v. Wells Fargo et al.* No. 11-cv-2098-JAM-KJN, 2011 WL 5826016 at *7 (N.D. Cal. Nov. 11, 2011) ("Plaintiffs alleged that the recorded assignment was executed well after the closing date of the [trust] to which it was allegedly sold, giving rise to a

plausible inference that at least some part of the recorded assignment was fabricated.").

In *Kingman Holdings, LLC v. CitiMortgage, Inc.* 2011 WL 1883829 (E.D. Tex. 2011) where the court accepted allegations such as those set forth in the complaint. In *Kingman,* the court assessed a fraud claim against CitiMortgage in which the plaintiff alleged that MERS' appointment of an assistant secretary ("Blackstun" who later made the assignment) was invalid because it was not approved by the board of directors. The court upheld the fraud claim under the 9(b) standard, finding that Plaintiff's allegations were plausible and that if Blackstun had no authority to bind MERS, then MERS filed a fraudulent document after he executed the assignment.

Similarly, in *Vogan*, supra, the court denied defendants' motion to dismiss a § 17200 claim because, as here, the plaintiff pleaded that Wells Fargo recorded a fabricated assignment of the loan. In that case, again, as in the instant, the assignment was executed **after** the closing date of the mortgage backed security pool, "giving rise to a plausible inference" of fabrication. *Id* at *7. In the case at bar, in addition to attacking the authority of the person purporting to sign, the Plaintiff has alleged that the assignment was made **after** the closing date of the trust, as required by Section 2.1 of the PSA.

**XI.   Plaintiff has Standing to Assert that the Defendants are Not Her Creditors**

Defendants' contention that Plaintiff lacks standing to challenge or sue under the PSA is a misnomer. First, the Plaintiff has offered plausible factual arguments that none of the Defendants is the actual successor in interest in the subject Note.  Further, in the unlikely event that an authorized act attempted an assignment of the Note to the Defendant Trust, Plaintiff does not challenge the validity of securitization in general or sue for breach of contract under the PSA. Rather, Plaintiff brings this suit to protect her own interest in the Property. Defendants' failure to follow the PSA has an observable legal effect. *See N.Y. Est. Powers& Trusts Law* § 7-2.4. As Defendants lack standing under the Deed of Trust to demand payments or foreclose on the Property, Plaintiff sues to establish the parties' respective rights and obligations under such Deed of Trust and to enjoin Defendants from taking action against her home. *See Tamurri v. Suntrust Mortgage, Inc.*, No. C-11-899 EMC, 2011 WL 6294472, at *12, 14 (N.D. Cal. Dec. 15, 2011) (finding prejudice where foreclosing entity initiated foreclosure prior to acquiring beneficial interest in the deed of trust) ("Thus, assuming prejudice is required, the threat of foreclosure by the wrong party would certainly be sufficient to constitute prejudice to the homeowner.").

Contrary to Defendants' assertions regarding standing, "standing" to sue is a jurisdictional limitation. The doctrine of standing is comprised both of constitutional or "Article III" requirements and of "prejudicial considerations." *Gladstone Realtors v. Village of Bellwood*, 441 U.S. 91, 99, 99 S. Ct 1601, 1607 (1979) and toward that end, Plaintiff's complaint has set forth plausible facts that establish the required 1) injury in fact; 2) causation; and redressibility. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 2136 (1992).

The "injury in fact" requirement is met upon a showing that plaintiff is threatened with impairment of her own interests. *See Gladstone Realtors v. Village of Bellwood*, 441 U.S. at 100. Here, Defendants claim a right to collect payments from Plaintiff and a stake in the Property, which is her home. See *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240, 57 S.Ct.461 462-464 (1937) (cases involving a substantial controversy between parties having adverse interests of sufficient immediacy and reality are justiciable as a case and controversy under Article III).

In addition to "injury in fact," there must be a causal connection between the injury and the conduct complained of. See *Lujan*, 504 U.S. at 559-560. In the instant case, Defendants seek to assert their purported rights under the Deed of Trust, including the power to collect payments with the threat of

invoking the non-judicial foreclosure statute and the taking of the Plaintiff's home. The Plaintiff has claimed injury – imminent loss of the Property – that is directly caused by Defendants' conduct. Thus, Plaintiff has sufficiently alleged the required causal connection between injury and Defendants' conduct.

Finally, there must be a substantial likelihood that the relief sought, if granted, will redress the injury. *Lujan*, 504 U.S. at 559-560. Here, Plaintiff seeks an adjudication of the parties' respective rights to the Property and under the Plaintiff's Note and Deed of Trust. To the extent that Defendants are deemed to have no legal rights in connection with Plaintiff's Note and Deed of Trust, Plaintiff also seek to enjoin Defendants from demanding payment, reporting derogatory information to the credit bureaus and foreclosing on her home. Thus, the declaratory and injunctive relief sought here will redress Plaintiff's injury and prevent the imminent loss of her home.

## XII.   **Plaintiff's Challenge to DEUTSCHE BANK's Authority is Proper**

Courts have recognized a borrower's right to bring claims challenging a party's interest under a deed of trust. *See Vogan,* 2011, WL 5826016, \*7; *Schafer v. Citimortgage, Inc.*, No CV 11-03919 ODW, 2011 WL 24372667, \*4 (C.D. Cal. June 15, 2011); *Sacchi v. Mortgage Electronic Registration Systems, Inc.* No. 11-1658 AHM, 2011 WL 2533029, at \*5 (C.D. Cal June 24, 2011) ("It is true, as Defendants repeatedly assert, that *California Civil Code §*

*2924, et seq.* authorizes non-judicial foreclosures in this state. It is not the case, however, that the availability of a non-judicial foreclosure process somehow exempts lenders, trustees, beneficiaries, and the numerous other (sometimes ephemeral) entities involved in dealing with Plaintiffs from following the law.") Indeed, one of the very purposes of California's non-judicial foreclosure statutes is "to protect the debtor/trustor from wrongful loss of the property." *Fontenot v. Wells Fargo Bank, N.A.* 198 Cal. App. 4th 256, 270 (2011) (internal quotations omitted). Defendants cannot hide behind the non-judicial statutory framework when they do not meet its most basic requirements.[1]

Lenders have seized on the recent ruling in *Gomez v. Countrywide*, 192 Cal. App. 4th 1149 (2011), by straining the interpretation of its holding to mean that a homeowner cannot challenge a foreclosure or his purported creditor's right to enforce the deed of trust – under any circumstances. *Gomes* held that California Civil Code § 2924(a)(1) does not "provide for a judicial action to determine whether the person initiating the foreclosure process is indeed authorized." *Id.* at *1155. But the issue in *Gomes* was not whether the wrong entity had initiated foreclosure; rather the issue was whether the company selling the property in the non-judicial foreclosure sale (MERS) was

---

[1] A recent audit commissioned by the San Francisco Office of the Assessor-Recorder reviewed 382 foreclosures from 2009 to 2011 and found that 84% contained at least one clear violation of California's foreclosure laws. The audit is available on the Assessor-Recorder's website at http://sfassessor.org

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

authorized to do so by the owner of the promissory note. *See id.* at 1155 (rejecting the argument that a plaintiff may test whether the agent initiating the foreclosure has the authority to do so; "[t]he recognition of the right to bring a lawsuit to determine a nominee's authorization to proceed with foreclosure on behalf of the note holder would fundamentally undermine the non-judicial nature of the process and introduce the possibility of lawsuits filed solely for the purpose of delaying valid foreclosures"). That is, *Gomes* involved a challenge to whether an ***agent*** had the authorization of its principal, who was the undisputed beneficiary under the deed of trust, to initiate foreclosure. It was not, as here, a challenge to the ***principal*** status it claims as beneficiary under the deed of trust.

Notably, the *Gomes* court distinguished a case cited by the Plaintiffs precisely because, in that case, "the plaintiff alleged wrongful foreclosure on the ground that assignments of the deed of trust had been improperly backdated, and thus the wrong party had initiated the foreclosure process. No such infirmity is alleged here." *Id.* Thus, *Gomes* explicitly avoided the scenario pled here, in which "the plaintiff's complaint identified a specific factual basis

for alleging that the foreclosure was not initiated by the correct party." *Id.* at 1156. *Gomes* is thus therefore inapposite.[2]

## XIII. <u>Plaintiff has Sufficiently Plead a Quasi-Contract Claim</u>

Plaintiff had specifically alleged Defendants were unjustly enriched to Plaintiff's detriment by accepting and retaining Plaintiff's payments without acquiring an interest in Plaintiff's note and Deed of Trust. California Courts agree that if a plaintiff alleges that a defendant was unjustly enriched to his detriment he is allowed to seek restitution under a Quasi Contract claim. "[I]t is clear that California courts consistently permit a party to seek restitution under a variety of theories, including quasi-contract and constructive trust." See *McKell v. Washington Mut. Inc.*, 142 Cal. App. 4th 1457, 1490 (2006); *Louiseau v. VISA USA Inc.*, WL 4542896 (S.D. Cal. 2010). "Under the law of restitution, "[a]n individual is required to make restitution if he or she is unjustly enriched at the expense of another. [Citations.] A person is enriched if the person receives a benefit at another's expense. [Citation.]" *McBride v. Boughton*, 123 Cal. App. 4th 379, 389 (citing *First Nationwide Savings v. Perry* (1992) 11 Cal.App.4th 1657, 1662.)

---

[2] Defendant's reliance on *Gomes* and California's non-judicial foreclosure statutory framework is also undermined by the clear language contained in the Deed of Trust providing that the Plaintiff reserved the right to "bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale." (Comp. Ex C, Section 22.)

## XIV.  <u>Defendants are "Debt Collectors" Under the Fair Debt Collection Practices Act ("FDCPA")</u>

Defendants argue that it is not a "debt collector" as defined under the FDCPA. The FDCPA defines a debt collector as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). A mortgage servicer can be a debt collector under the FDCPA if the debt is in default at the time the debt collection is acquired. See U.S.C. 1692A(6)(F)(iii). A Notice of Default was filed on May 28, 2010 alleging that the Plaintiff was in Default of the Note and Deed of Trust.  DEUTSCHE BANK purportedly benefited from an "assignment" dated September 1, 2012.  Since DEUTSCHE BANK's interests were purportedly created AFTER a Default was declared, clearly DEUTSCHE BANK's interests were acquired at a time where DEUTSCHE BANK alleges the Note was in a default status. DEUTSCHE BANK is therefore a debt collector under the FDCPA.[3]

/ / /

---

[3] Defendant's own correspondence to Plaintiff states that the communication is made from a "debt collector." (Compl. Ex D, E, F, G, H, I, J) Having asserted and declared themselves to be "debt collectors", the Defendant should now be estopped from denying the very title they have used to attempt and coerce payments from the Plaintiffs.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

## XV. Plaintiff Has Sufficiently Alleged a Claim Under California Business and Professions Code Section 17200

The Unfair Competition Law (UCL) is codified in California Business and Professions Code Section 17200. The UCL prohibits any unlawful, unfair, or fraudulent business practice. The UCL is written in the disjunctive, which means a business act or practice can be alleged to be all or any of the three prongs. *Berryman c. Merit Property Management, Inc.* 152 Cal.App. 4th 1544, 1554 (2007).

Here, Plaintiff allege Defendants have engaged in practices that are (1) unfair, (2) likely to deceive and (3) unlawful. Defendant has collected Plaintiff's payments with no right to do so.

In addition, it is against public policy and substantially injurious to engage in unfair debt collection practices as Defendants did here. "[T]he Supreme Court has not yet enunciated a legal test for unfairness in consumer actions under the unfair competition law. The courts of appeal have variously suggested that a practice is unfair if it offends an established public policy or is 'immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers,' and that unfairness is determined by weighing the utility of the practice against the gravity of the harm to the consumer." *Kunert v. Mission*

*Financial Services Corp.* 1 Cal.Rptr.3d 589, 607 (2003). The harm to Plaintiff and consumers in general greatly outweighs Defendant's unfair actions.

Defendants also engaged in "fraudulent" business practices. To state a claim for fraudulent business practices under section 17200, Plaintiff needs only demonstrate that "members of the public are likely to be deceived." *Bank of the West v. Sup. Ct.* 2 Cal.4[th] 1254, 1267 (1992) citing to *Chern v. Bank of America* 15 Cal.3d 866, 876 (1976). U.S. Bank's business pattern, collecting on a debt it has not right to, is extremely likely to deceive both Plaintiff and the public.

A predicate for stating a cause of action under *Cal. Bus. & Prof. Code section 17200,* the Plaintiff must, and in this case has, plead(ed) the facts that support the underlying statutory violation. Assuming the Court will upheld some or the entire other claims of Plaintiff; the section 17200 claim should be upheld under the unlawful prong. See *Vogan v. Wells Fargo Bank, N.A.* 2011 WL 5826016 at *6-7 (upholding section 17200 claim because the court had also upheld claim under the Truth in Lending Act, 15 U.S.C. section 1641(g)).

## XVI.  <u>Plaintiff Has Sufficiently Alleged an Accounting Claim</u>

A "Fiduciary relationship between the parties is not required to state a cause of action for accounting. All that is required is that some relationship exists that requires an accounting." *Teselle v. McLoughlin,* 173 Cal. App. 4th

156, 179 (2009). The elements for a claim for accounting are: (1) fiduciary relationship or other circumstances appropriate to the remedy; and (2) a balance due from the defendant to plaintiff that can only be ascertained by an accounting. *See* Witkin, California Procedure, Pleadings, section 776, p 233 (4th ed.)

Defendants have held themselves out to be Plaintiff's creditors when in fact, as discussed above and more completely in the underlying complaint; they have no right to collect any payments from Plaintiff. Because Defendants have been enriched from this misrepresented relationship, a balance is due to Plaintiff for payments received by Defendants. Plaintiff does not know and could not know without an accounting, the balance due from Defendants because of the structure of the misrepresented relationship. Generally, a homeowner makes mortgage payments to the mortgage servicer. From there, the servicer retains a portion of the payment as a servicing fee and distributes the proceeds to the beneficiary. Because the beneficiary can change without notice to the homeowner, the homeowner is left in the dark as to whom each mortgage payment is distributed. An accounting is therefore needed.

In addition, the purpose for requiring an accounting is to "discover what, if any, sums are owed to the plaintiff[s]" and that "an accounting may be used

as a discovery device" *Tessell v. McLoughlin* 173 Cal. App. 4th 156, 179

(2009).

**XVII. <u>Plaintiff has Sufficiently Alleged a Violation of 18 U.S.C. section 1951(b)(2), and California has long recognized a claim of "Civil Extortion"</u>**

"California has long recognized a claim of civil extortion." *Hisamatsu v.*

*Niroula*, 2009 WL 4456392 (N.D. Cal. Oct 22, 2009) at *5, See also *Flatley v.*

*Mauro* 139 P,3d 2, 46 Cal. Rptr 3d 605, 39 Cal. 4th 299 (2006) where the

written THREAT of initiating legal action and detrimental publicity was found

to be extortionate conduct. As discussed in *Levitt v. Yelp! Inc,* CV-10-02321-

EMC, 2011 U.S. Dist. LEXIS 124082 (N.D. Cal. Oct. 26, 2011), at *5:

"However, to the extent courts have recognize such a claim, it is based on the

same elements as criminal extortion and therefore rises and falls along with

Plaintiff's 17200 claim."

In the event the Court concludes there is no private right of action for

extortion as an independent cause of action, then the Court is respectfully

requested to grant leave to amend the complaint to merge the claims set forth

in this cause of action with Plaintiff's claims under Cal. Business and

Professions Code section 17200.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

# XVIII.        <u>CONCLUSION</u>

Plaintiff's Complaint is well-pled and allows the Court to infer more than the mere possibility that Linda Carroll is entitled to relief requested; in fact, when the Court accepts the factual allegations as true the Court can make a "reasonable inference" that the Defendants have engaged in misconduct for which they may be liable. Although Defendants allege "factual" disputes in their Motion, this is not sufficient to support this motion to dismiss. Therefore, Plaintiff respectfully requests the Court DENY Defendant's Motion in its entirety. To the extent, the Court dismisses any claim or allegations; Plaintiff requests the opportunity to amend her pleadings to cure any deficiency, add additional causes of action or rename any causes of action.

Dated: August 22, 2012          By:    /s/ Joseph La Costa

                                               _____

                                               Joseph La Costa
                                                 Attorney for Plaintiff

**PROOF OF SERVICE**

I, Joseph La Costa, declare that I am over the age of 18, and not a party to the within action. My business address is 7840 Mission Center Court, Suite 104, San Diego, CA 92108. I hereby certify that on August 25, 2013 I electronically filed with the Clerk of Court the following documents:

**PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION TO DISMISS THE COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

using the CM/ECF system. The CM/EF system will provide such filing(s) via Notice of Electronic Filing (NEF) to the following NEF parties:

Ms. Wendy Miele, Esq.
Severson & Werson
19100 von Karman Ave, Ste 700
Irvine, CA 92612

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on August 25, 2013 at San Diego, California.

/s/ Joseph La Costa

Joseph La Costa

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

29